JUDGE CARTER

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALFONSO AMELIO and CLEMENTE AMELIO | CIVIL ACTION NO.: |
| Plaintiff, | *Civil Action* |
| v. | 19CV8761 |
| | **JURY TRIAL DEMANDED** |
| QUICKEN LOANS, INC; | |
| ONEWEST BANK, FSB; | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; | |
| and | |
| MCABE, WEISBURG & CONWAY, P.C. | |
| Defendants | |

1

## COMPLAINT

Plaintiff's ALFONSO AMELIO and CLEMENTE AMELIO, appearing pro se, hereby submits this Complaint against Defendants, and in support thereof, states as follows:

## NATURE OF ACTION

This action arises from the Plaintiff's pursuit of $100,000,000.00 in compensatory and punitive damages (where applicable) due and owing from Defendants, and arising from Plaintiff being fraudulently induced into signing, paying monies towards, and enduring an eleven year unlawful state assisted foreclosure debt collection action involving the attempted theft of Plaintiff's real property encumbered by a fraud *in factum*, unconscionable, and predatory (per se) transaction consisting of: (1) a falsely made paper promissory note instrument; (2) a forged – stolen – unlawfully converted electronic promissory note instrument; (3) a falsely made security instrument pledging Plaintiff's real property in return for payments towards an unlawful debt; and (4) an undisclosed securities transaction using the aforementioned electronic promissory note and the Plaintiff's collateral.

Hence, the Plaintiff avers that the Defendants, at all relevant times knew - should have known - and or concealed from the Plaintiff the true nature of the transaction complained of herein and were unjustly enriched at the expense of Plaintiff. The Plaintiff further avers that the Defendants, aided and abetted by local foreclosure counsel who are officers of the court acting in the capacity of third-party debt collectors for the fraud *in factum* – unlawful transaction complained of herein, illegally commenced and prosecuted a foreclosure debt collection action using the Pennsylvania State assisted foreclosure procedures by employing misrepresentations and concealment of facts, perjured certifications, false and forged evidence by incorporating

misrepresentations, imposters, and or false notarizations, all of which arises to tampering with the administration of justice during official proceedings.

Furthermore, the Defendants and their non-party affiliates, at all relevant times, constitute an enterprise using the mail and wire interstate, each committing at least two predicate acts over the past ten years which has injured the Plaintiff in his property that also provides rental income.

Lastly, the Plaintiff's claims made herein: (1) are independent of the state court action for which Plaintiff is not seeking appellate review by this Court in order to overcome any defense of *Rooker-Feldman*; (2) defeat any defense of *Res Judicata* due to the tampering with and fabricating of evidence in the state court matter; and (3) should be tolled wherein the statute of limitations would normally apply due to the discovery rule and continuous acts of fraud.

## PARTIES

1.      Plaintiff, Alfonso Amelio ("Mr. Amelio"), a resident of New York, NY and the owner of 68 Crotty Road, Middletown, NY 10940 ("subject property"), the latter of which is subject of the complaint herein and encumbered by a security instrument which, upon Plaintiff's information and belief, arises from the transaction complained of herein that is fraud *in factum*, unconscionable, predatory (per se), and unenforceable under state, federal, and common law for the matters of fact set forth below.

2.      Upon information and belief, Defendant Federal National Mortgage Association ("Fannie Mae") is a government-sponsored enterprise ("GSE") under the conservatorship of non-party to this action, the Federal Housing Finance Agency ("FHFA"), that was established in the year 1938. In the year 1954, the United States Congress passed the Federal National Mortgage Association Charter Act which converted the Defendant into a public-private, mixed ownership corporation, until the year 1968, when Fannie Mae became entirely privately owned. Today, the

Defendant advertises that it primary function within the residential mortgage business includes the purchasing of residential mortgages on the secondary market, wherein Fannie Mae purportedly retains some mortgage loans in its portfolio of investments, and the majority of the loans are securitized by collecting a group of similar home mortgage loans (called a pool of loans), then issuing securities (called mortgage-backed securities) that represent an ownership interest in the pool of loans. Defendant may be served with process of this court upon Timothy J. Mayopoulos as CEO, or upon any officer or authorized agent at Defendant's principal place of business located at 3900 Wisconsin Avenue, N.W., Washington, D.C., 20016.

3.      Upon information and belief, Defendant Nationstar Mortgage LLC dba Mr. Cooper ("Nationstar") is a company organized and existing pursuant to the rules and laws of Delaware, a wholly owned subsidiary and affiliate company of Nationstar Mortgage Holdings, Inc., the latter of whom merged with non-party WMIH Inc. effective August 2018. Defendant Nationstar's primary business is servicing (i.e. debt collection) for "residential mortgage loans" interstate including the State of Pennsylvania and within this District. Defendant may be served with process of this court upon Jay Bray as CEO or upon any officer or authorized agent at Defendant's principal place of business located at 8950 Cypress Waters Blvd, Coppell, TX 75019.

4.      Upon information and belief, the aforementioned Defendants are either members of non-party MERSCORP Holdings, Inc. f/k/a MERSCORP Inc. ("MERSCORP"), or in the alternative, the Defendants are non-member affiliates of MERSCORP, giving the Defendants direct and or in-direct access and use of MERSCORP's wholly-owned subsidiaries Mortgage Electronic Registration Systems, Inc. ("MERS"), and the services provided through the MERS® System, MERS® eRegistry, and MERS® Servicer ID.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as this matter involves federal claims arising under federal law, thereby invoking the Court's federal question jurisdiction.

6.    This Court has personal jurisdiction over Defendants, as Defendants have had the requisite minimum contacts with the State of New York and Defendants have and continue to regularly conduct business in the State of New York.

7.    Further, venue lies in the United States District Court for the District of New York, as a substantial part of the events or omissions upon which Plaintiff's claims are based has occurred in the State of New York, and the Defendants directly or through their agents conduct business in this District.

## FACTS COMMON TO ALL COUNTS

8.    On August 9, 2006, Plaintiff's entered into what he then believed was a traditional refinance mortgage loan consisting of a paper promissory note and mortgage instrument (hereafter collectively referred to as the "mortgage loan"), requiring Plaintiff to pledge the subject property to Quicken Loan as the party designated as the lender who suffered a real and actual loss of $84,000.00.

9.    The Defendants should not be allowed to benefit and profit by engaging in the unfair, deceptive, and illegal conduct set forth above within which constitutes violations of applicable state and federal criminal laws, and upon the Defendants tampering with and fabricating evidence before the New York State Court, constituting a deprivation of Plaintiff's due process rights and an injustice that must be corrected.

10.

## CAUSES OF ACTION

### COUNT ONE
### FEDERAL CIVIL RICO
### PURSUANT TO 18 USC §1962(C), ACTIONABLE PURSUANT TO 18 USC § 1964(C);
### AGAINST ALL DEFENDANTS

11.    The Plaintiffs adopt the factual allegations set forth above in as though fully set forth herein by reference.

12.    The Defendants designated in count one (1) constitute an "Enterprise" as defined in 18 U.S.C. §1961(4).

13.    The enterprise and or enterprises have an existence apart from and beyond the racketeering activity complained of in this action.

14.    The Defendants designated in count one (1) as set forth within and re-stated herein as though fully incorporated by reference, violated the Federal Civil RICO statutes by conducting or participating, directly or indirectly, in the conduct of the affairs of an enterprise or enterprises, through a pattern of racketeering activity in violation of and 18 U.S.C. §1962(c).

15.    The Plaintiff avers that the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

16.    The acts by the Defendants violates 18 USC §1962(c)) and has caused injury to the Plaintiff as contemplated by 18 USC § 1964(c), in actual damages of emotional distress, loss of monies paid by the Plaintiff towards the fraud in factum "mortgage transaction", and other costs to defend the Plaintiffs' property.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against

Defendants, as follows:

     a.     Awarding Plaintiff actual damages against Defendants;
     b.     Awarding Plaintiff damages for emotional distress against Defendants;
     c.     Awarding Plaintiff attorneys' fees and costs against Defendants;
     d.     Awarding Plaintiff punitive damages against Defendants;
     e.     Awarding Plaintiff treble damages against Defendants
     f.     Imposing any other appropriate monetary sanctions against Defendants; and
     g.     Any other relief that this Court deems just and proper.

## COUNT TWO
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
## PURSUANT TO 15 U.S.C. § 1692, ACTIONABLE PURSUANT TO 15 U.S.C. §1692K;

79.     The Plaintiffs adopt the factual allegations set forth above in along with Count

One, as though fully incorporated herein by reference.

80.     The Defendants designated in Count Two have each acted in the capacity of debt

collectors for the fraud in factum "mortgage loan" in dispute as defined by the FDCPA, none of

the Defendants have evidence of being a creditor for the "mortgage loan" to be immunized of

liability under the FDCPA, and each Defendant has:   (i) made false representations of the

character, amount, and legal status of the debt in dispute, and the services rendered or

compensation which may be lawfully received by the defendants as debt collectors for the

collection of the debt in dispute; (ii) made the representation or implication that nonpayment of

the debt in dispute will result in the sale of the subject property; and (iii) used false

representations and deceptive means to collect or attempt to collect the debt in dispute by

willfully misrepresenting Quicken Loans as the actual lender that suffered a loss of $84,000.00

and by misrepresenting as the "owners and holders" of the fraud in factum obligation in dispute,

knowing otherwise to be true.

81.    The Plaintiff avers that the unlawful debt collection practices by the Defendants constitutes false and misleading representations in violation of the FDCPA and has caused injury to the Plaintiffs as contemplated by 15 U.S.C. §1692 et seq., in actual damages of emotional distress, loss of monies paid by Mr. Amelio towards a fraud *in factum* debt, and other costs to defend the Plaintiff's property and reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against Defendants, as follows:

   a.    Awarding Plaintiff actual damages against Defendants;
   b.    Awarding Plaintiff damages for emotional distress against Defendants;
   c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
   d.    Awarding Plaintiff punitive damages against Defendants;
   e.    Imposing any other appropriate monetary sanctions against Defendants; and
   f.    Any other relief that this Court deems just and proper.

## COUNT THREE
## CONTINUAL ACTS OF FRAUD

82.    The Plaintiffs adopt the factual allegations set forth above in along with Counts One through Three as though fully incorporated herein by reference.

83.    On April 13, 2011, a consent order was entered by Federal Authorities in In the Matter of Bank of America, N.A. (Order No.: AA-EC-11-12), prohibiting Defendant BANA and its affiliate companies from further engagement in unfair, deceptive, unlawful, unsound, and unsafe servicing and foreclosure practices, and requiring the Defendant to identify and correct harms caused to consumers.

84.    On April 13, 2011, a consent order was entered by multiple Federal Agencies in In the Matter of: MERSCORP, Inc. and the Mortgage Electronic Registration Systems, Inc. (OCC No.AA-EC-11-20, Board of Governors, Docket Nos. 11-051-B-SC-1, 11-051-B-SC-2,

FDIC-11-194b, OTS No. 11-040, FHFA No. EAP-11-01), prohibiting MERSCORP and its subsidiary MERS, along with MERSCORP's members including the Defendants named to Count Three, from further engagement in unfair, deceptive, and unlawful practices related to the foreclosure of residential "mortgage loans" including the creation of instruments asserting MERS through the latter's certifying officers transferred interest in "mortgage loans", and Article IX of the consent order required that, within ninety (90) days from the effective date of order, the MERSCORP Board to obtain an independent, external review of and recommendations regarding the eRegistry system of recording electronic notes.

85.     The Plaintiffs assert that the aforementioned acts on the part of the Defendants were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff, and with disregard for the aforementioned April 13, 2011 consent orders and April 4, 2012 consent judgment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against the Defendants, as follows:

a.     Awarding Plaintiff actual damages against Defendant;

b.     Awarding Plaintiff damages for emotional distress against Defendant;

c.     Awarding Plaintiff attorneys' fees and costs against Defendant;

d.     Awarding Plaintiff punitive damages against each Defendant in the amount of $1,000,000.00 per violation and $5,000,000.00 each occurrence pursuant to the April 4, 2012 consent judgment in <u>United States of America, et.al. v. Bank of America N.A., et.al., (Docket No. 1:12-cv-00361 RMC)</u>;

e.     Imposing any other appropriate monetary sanctions against Defendants; and

f.     Any other relief that this Court deems just and proper.

## COUNT FOUR
## UNJUST ENRICHMENT

86.     The Plaintiffs adopt the factual allegations set forth above in along with Counts One through Three, as though fully incorporated herein by reference.

87.     As a result of its misrepresentations underlying the fraud in factum "mortgage loan" in dispute, together with the aforementioned unlawfully converted – forged electronic note that was (and remains) registered on the MERS® eRegistry, the Defendants have been unjustly enriched at the expense of Plaintiff.

88.     Defendant Fannie Mae has been unjustly enriched from proceeds received as the issuer, trustee, and guarantor for an undisclosed trust entity for which the fraud in factum "mortgage loan" by way of the forged – stolen electronic note was pledged and securitized.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against Defendants, as follows:

      a.    Awarding Plaintiff actual damages against Defendants;
      b.    Awarding Plaintiff damages for emotional distress against Defendants;
      c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
      d.    Awarding Plaintiff punitive damages against Defendants;
      e.    Imposing any other appropriate monetary sanctions against Defendants; and
      f.    Any other relief that this Court deems just and proper.

## COUNT FIVE
## NEGLIGENT MISREPRESENTATION
### AGAINST ALL DEFENDANTS

94.     The Plaintiffs adopt the factual allegations set forth above, along with Counts One through Four as though fully incorporated herein by reference.

95.    The Defendants to Count Five have each made negligent and false representations as to the character, legality, ownership, and possession of the "mortgage transaction" in dispute; without any reasonable ground for believing their representations to be true, with the intent to induce the Plaintiff into believing the defendant's representations, causing the Plaintiff to act upon as the defendant's desires, and causing injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by Mr. Amelio towards a fraud *in factum* "mortgage transaction", and other costs to defend the Plaintiff's property and reputation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against Defendants, as follows:

    a.    Awarding Plaintiff actual damages against Defendants;
    b.    Awarding Plaintiff damages for emotional distress against Defendants;
    c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
    d.    Awarding Plaintiff punitive damages against Defendants;
    e.    Imposing any other appropriate monetary sanctions against Defendants; and
    f.    Any other relief that this Court deems just and proper.

**COUNT SIX**
**FRAUDULENT CONCEALMENT**
**AGAINST ALL DEFENDANTS**

96.    The Plaintiffs adopt the factual allegations set forth above, along with Counts One through Five as though fully incorporate herein by reference.

97.    The Defendants to Count Six have each fraudulently concealed from the Plaintiff: (i) material facts underlying the character, legality, ownership, and possession of the "mortgage transaction" in dispute, (ii) with knowledge of the material facts, knowing material facts were not within reasonably diligent attention, observation, and judgment of the Plaintiff, (iii) while the defendants suppressed and or concealed the material facts with the intention that the Plaintiff be

misled as to the character, legality, ownership, and possession of the "mortgage transaction" in dispute, (iv) the Plaintiff was reasonably so misled; and (v) causing injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff's property and reputation.

98.     The Defendants, collectively, have (and continue to) conceal from the Plaintiff the location of the two unlawfully converted – forged – stolen electronic notes that were illegally made part of the fraud in factum transactions in dispute.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against Defendants, as follows:

- a.     Awarding Plaintiff actual damages against Defendants;
- b.     Awarding Plaintiff damages for emotional distress against Defendants;
- c.     Awarding Plaintiff attorneys' fees and costs against Defendants;
- d.     Awarding Plaintiff punitive damages against Defendants;
- e.     Imposing any other appropriate monetary sanctions against Defendants; and
- f.     Any other relief that this Court deems just and proper.

**COUNT SEVEN**
**CONSTRUCTIVE FRAUD**
**AGAINST ALL DEFENDANTS**

99.     The Plaintiffs adopt the factual allegations set forth above, along with Counts One through Six as though fully incorporate herein by reference.

100.     The Defendants to Count Seven have each: (i) made false representations, (ii) as to the character, legality, ownership, and possession of the "mortgage transaction" in dispute, (iii) for the purpose of inducing the Plaintiff to reply on such representations, (iv) for which the Plaintiff justifiably relied, and (v) caused injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction",

and other costs to defend the Plaintiff's property and reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against

Defendants, as follows:

a. Awarding Plaintiff actual damages against Defendants;
b. Awarding Plaintiff damages for emotional distress against Defendants;
c. Awarding Plaintiff attorneys' fees and costs against Defendants;
d. Awarding Plaintiff punitive damages against Defendants;
e. Imposing any other appropriate monetary sanctions against Defendants; and
f. Any other relief that this Court deems just and proper.

## COUNT EIGHT
## CIVIL AIDING AND ABETTING FRAUD
## AGAINST ALL DEFENDANTS

101. The Plaintiffs adopt the factual allegations set forth above in ¶¶1-46, along with Counts One through Seven as though fully incorporate herein by reference.

102. The Defendants to Count Eight have aided and abetted the unfair, deceptive, and unlawful practices by each defendant as a collective effort to unlawfully procure monies from the Plaintiff under the duress of an unlawful foreclosure debt collection action by creating and presenting false evidence to the State Court of Pennsylvania as it pertains to the true character, legality, ownership, and possession of the "mortgage transaction" in dispute.

103. Defendant Fannie Mae, at all relevant times, aided and abetted the unlawful conduct of the other Defendants named in Count Eight by concealing Fannie Mae's ownership claim for the fraud in factum mortgage loan reflected upon Fannie Mae's "Loan Look Up" tool and the MERS® Servicer ID, without any paper trail documenting Fannie Mae's claim of ownership.

104. The Plaintiff asserts the aforementioned acts on the part of the defendants were

intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff, and has caused injury to Mr. Amelio in actual damages of emotional distress, loss of monies paid by Mr. Amelio towards a *fraud in factum* "mortgage transaction", and other costs to defend Plaintiff's property and reputation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against Defendants, as follows:

  a. Awarding Plaintiff actual damages against Defendants;
  b. Awarding Plaintiff damages for emotional distress against Defendants;
  c. Awarding Plaintiff attorneys' fees and costs against Defendants;
  d. Awarding Plaintiff punitive damages against Defendants;
  e. Imposing any other appropriate monetary sanctions against Defendants; and
  f. Any other relief that this Court deems just and proper.

**COUNT NINE**
**WILLFUL AND WONTON GROSS NEGLIGENCE**
**AGAINST ALL DEFENDANTS**

105. The Plaintiffs adopt the factual allegations set forth above in ¶¶1-46, along with Counts One through Eight as though fully incorporate herein by reference.

106. The Plaintiffs assert the aforementioned acts on the part of the Defendants were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff, and has caused injury to Mr. Amelio in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff's property and reputation.

**PRAYER FOR RELIEF**

14

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against Defendants, as follows:

a.  Awarding Plaintiff actual damages against Defendants;
b.  Awarding Plaintiff damages for emotional distress against Defendants;
c.  Awarding Plaintiff attorneys' fees and costs against Defendants;
d.  Awarding Plaintiff punitive damages against Defendants;
e.  Imposing any other appropriate monetary sanctions against Defendants; and
f.  Any other relief that this Court deems just and proper.
g.

### COUNT TEN
### CIVIL CONSPIRACY TO DEFRAUD
### AGAINST ALL DEFENDANTS

107.  The Plaintiffs adopt the factual allegations set forth above, along with Counts One through Nine as though fully incorporate herein by reference.

108.  Defendant Fannie Mae, at all relevant times, conspired with the other Defendants named in Count Ten by concealing from the Plaintiff, the State Court during official proceedings, and the Bankruptcy Court during official proceedings, Fannie Mae's competing and simultaneous ownership claim for the fraud in factum mortgage loan as displayed upon Fannie Mae's "Loan Look Up" tool and the MERS® Servicer ID, and without Fannie Mae creating a paper trail to document the Defendant's competing and willfully false ownership claims.

109.  The Plaintiffs assert the aforementioned acts on the part of the Defendants were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff, and has caused injury to Mr. Amelio in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff's property and reputation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against Defendants, as follows:

      a.      Awarding Plaintiff actual damages against Defendants;

      b.      Awarding Plaintiff damages for emotional distress against Defendants;

      c.      Awarding Plaintiff attorneys' fees and costs against Defendants;

      d.      Awarding Plaintiff punitive damages against Defendants;

      e.      Imposing any other appropriate monetary sanctions against Defendants; and

      f.      Any other relief that this Court deems just and proper.

## COUNT ELEVEN
## UNLAWFUL CONVERSION

110.    The Plaintiffs adopt the factual allegations set forth above, along with Counts One through Eleven as though fully incorporate herein by reference.

111.    Defendant Countrywide Bank committed the act of unlawful conversion upon: (i) inducing Plaintiff into executing and signing paper documents misrepresented to be part of a traditional mortgage loan, knowing otherwise to be true; (ii) misrepresenting itself to be the lender suffering a real and ascertainable loss of $159,990.00, knowing otherwise to be true; (iii) converting Plaintiff into a securities issuer; (iv) forging Plaintiff's electronic signature unto the electronic note that was illegally made part of the fraud in factum transaction in dispute without Mr. Amelio's knowledge or consent, in order to create and issue securities using Plaintiff's collateral and the forged – stolen electronic note; and (v) inducing Plaintiff into pledging the subject property through a falsely uttered mortgage instrument misrepresenting MERS as the "mortgagee" acting as the Defendant's nominee, knowing otherwise to be true.

112.    The remaining Defendants to Count Eleven have, in one way or another, directly and or indirectly, asserted ownership of the fraud in factum mortgage loan in dispute knowing the latter and the electronic note associated with the transaction, were the by-product of misrepresentations, omissions, concealment, and forgery because: (i) the original mortgage loan

was, at all relevant times, an undisclosed securities transaction misrepresented to be a traditional mortgage loan; and (ii) the electronic note associated with the mortgage loan was created by Countrywide Bank forging and Mr. Amelio's electronic signature.

113.    The Plaintiff asserts the aforementioned acts on the part of the Defendants were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff, and has caused injury to the Mr. Amelio in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff's property and reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against Defendants, as follows:

    a.    Awarding Plaintiff actual damages against Defendants;
    b.    Awarding Plaintiff damages for emotional distress against Defendants;
    c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
    d.    Awarding Plaintiff punitive damages against Defendants;
    e.    Imposing any other appropriate monetary sanctions against Defendants; and
    f.    Any other relief that this Court deems just and proper.

## COUNT TWELVE
## DEFMATION

118.    The Plaintiffs adopt the factual allegations set forth above, along with Counts One through Eleven as though fully incorporate herein by reference.

119.    At all times relevant herein, Defendants have published statements both orally and or through writing to various credit reporting agencies, collection agencies, and/or attorneys that are false and negative representations concerning Mr. Amelio's credit information and history.

120.     The statements made by Defendants are false, as Mr. Amelio never actually defaulted on any debt stemming from the fraud in factum "mortgage loan" in dispute.

121.     Defendants have published these statements to a number of credit reporting agencies, including the three major credit bureaus.

122.     Defendants knew, or should have known, that the statements that it made were false when made and that it had no factual basis for making the statements that it did, as Mr. Amelio  had notified Defendants that the statements were false for the aforementioned reasons and, nevertheless, Defendants continue to publish such statements up to and through the present time.

123.     The written statements and publications are libel per se.

124.     The oral statements and publications are slander per se.

125.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate Mr. Amelio for the full amount of actual, compensatory, and punitive damages, as well as other such relief, as permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.     Awarding Plaintiffs actual damages against Defendants;
b.     Awarding Plaintiff damages for emotional distress against Defendants;
c.     Awarding Plaintiff attorneys' fees and costs against Defendants;
d.     Imposing any other appropriate monetary sanctions against Defendants; and
e.     Any other relief that this Court deems just and proper.

## COUNT THIRTEEN

## HARASSMENT

126.    The Plaintiffs adopt the factual allegations set forth above, along with Counts One through Twelve as though fully incorporate herein by reference.

127.    The unfair, deceptive, and illegal practices by the Defendants in their attempted theft of the subject property and or actual extortion of monies from the Plaintiff towards the unlawful debt in dispute, constitutes harassment.

128.    The Plaintiff asserts the aforementioned acts on the part of the Defendants were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against Defendants, as follows:

    a.    Awarding Plaintiff actual damages against Defendants;
    b.    Awarding Plaintiff damages for emotional distress against Defendants;
    c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
    d.    Awarding Plaintiff punitive damages against Defendants;
    e.    Imposing any other appropriate monetary sanctions against Defendants; and
    f.    Any other relief that this Court deems just and proper.

## COUNT FOURTEEN
## SLANDER OF TITLE

129.    The Plaintiffs adopt the factual allegations set forth above, along with Counts One through Thirteen as though fully incorporate herein by reference.

130.    The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause Mr. Amelio.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against Defendants, as follows:

      a.    Awarding Plaintiff actual damages against Defendants;

      b.    Awarding Plaintiff attorneys' fees and costs against Defendants;

      c.    Awarding Plaintiff punitive damages against Defendants;

      d.    Declaratory Relief deeming void the recorded instruments titled "Assignment of Mortgage".;

      e.    Imposing any other appropriate monetary sanctions against Defendants; and

      f.    Any other relief that this Court deems just and proper.

## COUNT FIFTEEN
## QUIET TITLE

131.    The Plaintiffs adopt the factual allegations set forth above, along with Counts One through Fourteen as though fully incorporate herein by reference.

132.    Plaintiff seeks clarification of the validity or reach of the Defendants' alleged title in circumstances that otherwise preclude a forum for the resolution of such a dispute.

133.    At all times relevant hereto, the Defendants and other entities related to Defendants have claimed an interest and/or estate in the Property adverse to Plaintiffs.

134.    There is currently no other forum for an adjudication of the dispute herein and there are no other adequate remedies at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter judgment in his favor and against Defendant, as follows:

      a.    Awarding Plaintiff actual damages against Defendants;

      b.    Awarding Plaintiff damages for emotional distress against Defendants;

      c.    Awarding Plaintiff attorneys' fees and costs against Defendants;

      d.    Awarding Plaintiff punitive damages against Defendants;

      e.    Imposing any other appropriate monetary sanctions against Defendants; and

f.    Any other relief that this Court deems just and proper.

### CLAIMS RESERVED

The Plaintiffs herein reserve all claims against non-parties that are not designated Defendants in this matter, allowing the Plaintiff an opportunity to discover all relevant facts and any and all claims against the non-parties.

### EQUITABLE TOLLING

The Plaintiffs herein invoke equitable tolling in order to preserve any and all claims recently discovered by Plaintiff, or if the conduct complained of herein is continuous.

Dated: September 20 2019

Clemente Amelio, *"Plaintiff" (Pro Se)*

Alfonso Amelio
60 W. 23rd St.
Apt. 830
New York, NY 10010
*"Plaintiff" (Pro Se)*