**BLANKROME**

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone:   (212) 885-5218
Fax:     (917) 332-3083
Email:   tsalter@BlankRome.com

November 9, 2020

**BY ECF**
Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

    Re:    *Amelio v. Quicken Loans, Inc., et al. (19-cv-08761-ALC)*
            Request for Pre-Motion Conference for Motion to Dismiss

Dear Judge Carter:

       This firm represents defendant PHH Mortgage Corporation, s/h/a Ocwen Loan Servicing, LLC ("PHH") in the above-referenced action. In accordance with Section 2.A. of Your Honor's Individual Rules, I submit this letter to request a pre-motion conference. PHH intends on filing a motion pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs, Alfonso Amelio ("Borrower") and Carmine Amelio's ("Non Borrower" and, together with Borrower, "Plaintiffs") frivolous Second Amended Complaint as against PHH.

**Summary of Relevant Facts**

       Plaintiffs purport to assert nineteen (19) claims against eight (8) defendants pertaining to the origination of a mortgage loan (the "Loan") granted by Borrower and Clemente Amelio ("Co-Mortgagor")[1] against the real property known as 68 Crotty Road, Middletown, New York (the "Property"), and the finally adjudicated state court foreclosure of same.[2] *See* Am. Compl. ¶¶ 1, 9, 30, 38. Specifically, Plaintiffs' Second Amended Complaint asserts claims against PHH for (1) violating General Business Law § 349; (2) violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (3) "Continual Acts of Fraud in Violation of Applicable Consent Orders and Judgment;" (4) Unjust Enrichment; (5) Negligent Misrepresentation; (6) Fraudulent Concealment; (7) Constructive Fraud; (8) Civil Aiding and Abetting Fraud; (9) Willful and Wanton Gross Negligence; (10) Civil Conspiracy to Defraud; (11) Unlawful Conversion; (12) Intentional Infliction of Emotional Distress; (13) Slander of Title; (14) "Declaratory Relief Declaring the Mortgage Loan and Forged Stolen Electronic Note, Void Ab Initio Pursuant to NY UCC 3-305;" (15) "Declaratory Relief Requiring Presentment of the Two Forged Stolen Electronic Notes Pursuant to 15 USC 7021(f);" and (16) Quiet Title. These claims fail as a matter of law and must be dismissed.

---

[1] Co-Mortgagor was a party to the first two iterations of the Complaint, but not the Second Amended Complaint.
[2] Orange County Supreme Court Index No. 14125/09 (the "Foreclosure Action"). *See* Am. Compl. ¶ 27.

**BLANKROME**

**Plaintiffs' Alleged Claims Fail as a Matter of Law and Must Be Dismissed**

Initially, this Court must dismiss the Second Amended Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine. *See Borrani v. Nationstar Mortg. LLC,* 2019 U.S. Dist. LEXIS 54479, at *16-17 (S.D.N.Y. Mar. 29, 2019) ("Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."); *Dekom v. Fannie Mae*, 2019 U.S. Dist. LEXIS 31552, at *26-27 (E.D.N.Y. Feb. 26, 2019) ("a federal plaintiff cannot escape the *Rooker-Feldman* bar simply by relying on a legal theory not raised in state court."); *Francis v. Nichols*, 2017 U.S. Dist. LEXIS 40714 (S.D.N.Y. Mar. 21, 2017) ("Courts in this circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* Doctrine."). Here, the Foreclosure Action resulted in a final judgment against Borrower, and the state court also denied Borrower's motion to vacate[3] and Non-Borrower's attempt to intervene.[4] Thus, this action is nothing but an improper attempt to avoid the state court's unfavorable rulings against Plaintiffs.

In addition, this Court must dismiss the Second Amended Complaint under Rule 12(b)(6) for failure to state a claim. First, since a final judgment was entered in the Foreclosure Action, *res judicata* and collateral estoppel bar all of Plaintiffs' claims. *See Campbell v. Bank of Am., Nat'l Ass'n*, 2019 U.S. Dist. LEXIS 147491, at *10 (S.D.N.Y. Aug. 28, 2019) (dismissing a borrower's complaint[5] against his lender, its servicer, and others as barred by *res judicata*); *Singh v. Parnes*, 199 F. Supp. 2d 152, 159 (S.D.N.Y. 2002) ("a party cannot avoid the preclusive effect of *res judicata* or collateral estoppel by recasting allegations of fraud adjudicated in the prior litigation as a federal RICO action."); *Dupps v. Betancourt*, 121 A.D.3d 746, 747 (N.Y. App. Div. 2d Dep't 2014) (applying New York's transactional analysis approach to *res judicata*).

Second, Plaintiffs lack standing to assert their claims against PHH because they failed to disclose such claims in any of their several bankruptcy petitions.[6] *See Santori v. Met Life*, 11 A.D.3d 597, 599 (N.Y. App. Div. 2d Dep't 2004) ("a debtor's failure to list a legal claim as an asset in his or her bankruptcy proceeding causes the claim to remain the property of the bankruptcy estate and precludes the debtor from pursuing the claim on his or her own behalf.").

Third, Plaintiffs fail to state a claim for deceptive business practices under New York General Business Law § 349, as it does not apply to private contract disputes. *See Schroeder v. Capital One Fin. Corp.*, 665 F. Supp. 2d 219, 226 (E.D.N.Y. 2009) (holding "a private dispute lacks the broad consumer impact required to sustain a claim pursuant to Section 349").

Fourth, Plaintiffs' unintelligible, conclusory allegations of a purported conspiracy between PHH and the other defendants fails to state a RICO claim. *See Chanayil v. Gulati,* 169

---

[3] The allegations set forth in Borrower's application mirror those contained in the Second Amended Complaint.
[4] Borrower also filed an identical complaint to commence an adversary proceeding in the United States Bankruptcy Court for the Southern District of New York. *See* Adv. Pro. No. 17-0118-jlg. That proceeding was dismissed, without prejudice, after Borrower's Chapter 11 case was dismissed with an eighteen (18) month bar against re-filing.
[5] The complaint filed in *Campbell* is substantially similar, and in some places identical, to the Plaintiffs' Second Amended Complaint.
[6] S.D.N.Y. Bankr. Case Nos. 13-10982-shl, 14-13272-jlg, 16-10236-jlg, 17-1167-cgm, 17-12482-cgm.

BLANKROME

F.3d 168, 170 (2d. Cir. 1998) (A "pattern of racketeering activity" consists of two predicate acts of racketeering activity within a ten-year period. "Predicate acts for purposes of RICO include specifically enumerated crimes, including mail fraud, wire fraud, and fraud in the sale of securities. "The elements of mail, wire, or television fraud include (1) the existence of a scheme to defraud, (2) the defendant's knowing participation in the scheme, and (3) the use of wire, mail, or television communications in interstate commerce in furtherance of the scheme."); *Krondes v. Nationstar Mortg., LLC*, 2018 U.S. Dist. LEXIS 98835, at \*11-12 (S.D.N.Y. June 12, 2018) (quoting *Mejia v. EMC Mortg. Corp.*, 2012 U.S. Dist. LEXIS 13256 (C.D. Cal. Feb. 2, 2012)) ("claims that a defendant threatened and initiated foreclosure are nothing more than conduct undertaken in the ordinary course of business or litigation and cannot be fairly characterized as extortion that is independently wrongful under RICO.").

Fifth, Plaintiffs lack standing to enforce the Consent Judgment identified in the Second Amended Complaint. *See* Am. Compl. ¶¶ 7, 83. Sixth, Plaintiffs fail to state a claim for unjust enrichment because any alleged relationship between Borrower and PHH was governed by the Loan documents. *See Howard v. Citimortgage, Inc.*, 2011 N.Y. Misc. LEXIS 6417, 20-21 (N.Y. Sup. Ct. N.Y. Cnty. Dec. 23, 2011) (dismissing "unjust enrichment" cause of action based on the existence of a loan agreement between the parties which governed their respective rights in the event of a default). Seventh, Plaintiffs fail to state claims for fraudulent concealment, constructive fraud, civil aiding and abetting fraud, or civil conspiracy to defraud because Plaintiffs fail to plead such claims with the requisite specificity. *See* Fed. R. Civ. P. 9(b). Eighth, Plaintiffs fail to state a claim for negligent misrepresentation or willful and wanton gross negligence since "[a] standard lender-borrower relationship is not the kind of special relationship that supports a claim of negligent misrepresentation." *See Boniel v. U.S. Bank N.A*., 2013 U.S. Dist. LEXIS 16247 (E.D.N.Y. Feb. 6, 2013).

Ninth, Plaintiffs' claims for unlawful conversion, intentional infliction of emotional distress, and slander of title are time-barred. *See Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 513 (S.D.N.Y. 2016) (citing *Ferring B.V. v. Allergan, Inc.*, 932 F. Supp. 2d 493, 510 (S.D.N.Y. 2013); N.Y. C.P.L.R. 214(3) ("Conversion claims are subject to a three-year statute of limitations, which begins to run when the alleged conversion takes place."); *Niles v. Nelson*, 72 F. Supp. 2d 13, 20 (N.D.N.Y. 1999) (citing N.Y. C.P.L.R. § 215) ("The statute of limitations for intentional torts … is one year."); *Kirkland v. Am. Title Ins. Co.*, 692 F. Supp. 153, 155 (E.D.N.Y. 1988) (citing N.Y. C.P.L.R. 215(3)) (one-year statute of limitations for slander of title claims). Tenth, Plaintiffs' claims for "Declaratory Relief Declaring the Mortgage Loan and Forged Stolen Electronic Note, Void Ab Initio Pursuant to NY UCC 3-305" and "Declaratory Relief Requiring Presentment of the Two Forged Stolen Electronic Notes Pursuant to 15 USC 7021(f)" are incomprehensible since neither of these statutes provide Plaintiffs with any actionable claims. *See* N.Y. U.C.C. § 3-305; 15 U.S.C. § 7021(f).

Finally, Plaintiffs fail to plead the elements of a quiet title claim. *See* N.Y. R.P.A.P.L. § 1515. For all these reasons, Plaintiffs' claims fail as a matter of law and must be dismissed with prejudice.[7] Accordingly, PHH respectfully requests that the Court schedule a pre-motion

---

[7] PHH reserves the right to assert additional defenses in its motion to dismiss, including, but not limited to, improper service of process under Rule 12(b)(5) since Plaintiffs purported to serve their Second Amended Complaint on October 5, 2020 – one day after their time to do so expired per the Court's Order. *See* Docket Nos. 9, 12.

# BLANKROME

conference for leave to file a motion to dismiss this action.

                            Respectfully submitted,

                            s/Timothy Wm. Salter
                            Timothy W. Salter

CC:    Carmine P. Amelio and Alfonso Amelio
        Plaintiffs *Pro Se*
        32 Main Street
        New Milford, CT 06776

        and

        60 W. 23rd St., Apt. 830
        New York, NY 10010

---

Moreover, USPS records show that the summons and Second Amended Complaint served on PHH was not remitted to the custody of the United States Postal Service until eight days later, on October 13, 2020, and was not delivered to PHH until October 19, 2020 – four days *after* this action was dismissed based upon Plaintiffs' failure to comply with this Court's July 17, 2020 order.  *See* Docket No. 9.