UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFONSO AMELIO and CARMINE AMELIO, <br><br> *Plaintiffs*, <br><br> -against- <br><br> MCCABE, WEISBERG & CONWAY, P.C.; FEIN, SUCH & CRANE LLP; SETERUS, INC.; OCWEN LOAN SERVICING, LLC; ONEWEST BANK, N.A.; QUICKEN LOANS, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; CONCRETE PROPERTIES, LLC; and SANDELANDS EYET LLP, <br><br> *Defendants*. | 1:19-CV-08761 (ALC) <br><br> <u>OPINION & ORDER</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiffs Alfonso Amelio ("Borrower") and Carmine Amelio's ("Non-Borrower") (collectively, "Plaintiffs") bring this action pursuant to nineteen alleged violations of various civil, criminal, and administrative statutes against Defendants McCabe, Weisberg & Conway, P.C ("McCabe"); Fein, Such & Crane LLP ("Fein"); Seterus, Inc. ("Seterus"); Ocwen Loan Servicing LLC ("Ocwen"); Onewest Bank, N.A. ("Onewest"); Quicken Loans, Inc. ("Quicken"); Federal National Mortgage Association ("FNMA"); Concrete Properties, LLC ("Concrete"); and Sandelands Eyet LLP ("Sandelands") (collectively, "Defendants"). ECF No. 129, Third Amended Complaint ("TAC"). Defendants now move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and 12(b)(6), for failure to state a claim on each count. ECF Nos. 133, 138, 142, 146, 148, 152. After careful review, Defendants' Motions, ECF Nos. 133, 138, 142, 146, 148, and 152, are **GRANTED**. Plaintiffs' request for leave to amend their Complaint and for a 30-day extension to retain counsel is **DENIED**.

1

## BACKGROUND

### I.     Statement of Facts

Plaintiffs bring their claims in relation to the origination, and completed foreclosure, of a mortgage for 68 Crotty Road, Middletown, New York (the "Property"). On August 9, 2006, Borrower executed and delivered a note (the "Note") in the principal amount of $84,000.00 to Quicken. As security for the Note, Borrower and Non-Borrower executed and delivered to a nominee for Quicken a mortgage (the "Mortgage" and, together with the Note, the "Loan") against the Property. The Mortgage was then assigned to Ocwen and subsequently to FNMA.

On December 18, 2009, OWB commenced a foreclosure action on Property in state court. On December 17, 2017, the State Court granted OWB's motion for a judgment of foreclosure, finding the note was valid and enforceable, and denied Borrower's cross-motion for dismissal. On January 8, 2018, the State Court entered a final judgment of foreclosure (the "Final Judgment") against Borrower and Non-Borrower.

The Borrower and Non-Borrower, as a purported "Intervenor," moved to vacate the Final Judgment, which the State Court denied on May 29, 2018, finding the Non-Borrower was "not a proper intervenor" in the foreclosure action because he was "not a borrower, mortgagor, or owner of the property." The State Court also rejected Borrower's attempt to relitigate OWB's standing to foreclose.

On September 18, 2018, the Property was sold at a foreclosure auction to Concrete. The State Court denied Plaintiffs' second motion to vacate the Final Judgment on March 3, 2020.

### II.    Procedural History

Plaintiffs filed their complaint *pro se* on September 20, 2019 against nine Defendants, alleging nineteen violations of various statutes. ECF No. 1. Plaintiffs were thrice granted leave to

amend their Complaint to address deficiencies, which were filed on September 27, 2019 (ECF No. 4), October 5, 2020 (ECF No. 10), and May 16, 2022 (ECF No. 129). Plaintiffs allege nineteen claims against nine defendants relating to the foreclosure of the Property.

Plaintiffs assert: (1) Abuse of Process; (2) violation of the Federal Fair Debt Collection Practices Act (15 U.S.C. §1692); (3) violation of New York General Business Law ("GBL") § 349; (4) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (5) "Continual Acts of Fraud in Violation of Applicable Consent Orders and Judgment"; (6) Unjust Enrichment; (7) Negligent Misrepresentation; (8) Fraudulent Concealment; (9) Constructive Fraud; (10) Civil Aiding and Abetting Fraud; (11) Willful and Wanton Gross Negligence; (12) Civil Conspiracy to Defraud; (13) Unlawful Conversion; (14) Intentional Infliction of Emotional Distress; (15) Slander of Title; (16) "Declaratory Relief Declaring the Mortgage Loan and Forged Stolen Electronic Note, Void Ab Initio Pursuant to NY UCC 3-305"; (17) "Declaratory Relief Requiring Presentment of the Two Forged Stolen Electronic Notes Pursuant to 15 USC 7021(f)"; (18) Quiet Title; and (19) violation of the First and Thirteenth Amendments. TAC.

Between October 14, 2022 and October 20, 2022, multiple Defendants moved to the dismiss the Complaint. ECF Nos. 133, 138, 142, 146, 148, 152. The Court now considers each of Defendants' Motions to Dismiss.

## STANDARD OF REVIEW

### I.   Federal Rules of Civil Procedure 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction under Fed R. Civ. P. 12(b)(1), "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citing *Amidax*

*Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)). Where jurisdictional facts are at issue, "'the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Id*. (citing *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)). But "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Id*. (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

## II.     Federal Rules of Civil Procedure 12(b)(6)

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663.

Deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (2009) (quoting *Twombly*, 550 U.S. at 570).

### III. *Pro Se* Litigant

*Pro se* litigants faced with motions to dismiss "must be held to less stringent standards than formal pleadings drafted by lawyers." *Ahmed v. GEO USA LLC*, No. 14-cv-7486, 2015 WL 1408895, at *2 (S.D.N.Y., Mar. 7, 2014). Practically speaking, "[c]ourts read the pleadings, briefs, and opposition papers of *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Carter v. Ponte*, No. 17-CV-1830 (VSB), 2018 WL 4680995 at *4 (S.D.N.Y. Sept. 28, 2018) (collecting cases). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citations omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that a *pro se* complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir.2010) (citation and internal quotation marks omitted).

## DISCUSSION

### I. Plaintiffs' Claims Against Defendants Are Dismissed for Lack of Subject Matter Jurisdiction.

Defendants contend this Court lacks subject matter jurisdiction over Plaintiffs' claims. "Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Davis v. JP Morgan Chase Bank, NA*, 2016 WL 1267800, *5 (S.D.N.Y. Mar. 30, 2016). The Second Circuit has set forth four conditions that require the Court to dismiss Plaintiff's claims for lack of subject matter jurisdiction: (1) "the

federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (alterations and internal quotation marks omitted). *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the doctrine applies to "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

*Rooker-Feldman* also bars "claims that are 'inextricably intertwined' with a state court decision." *Pharr v. Evergreen Garden, Inc.*, 125 Fed.App'x. 420, 422-23 (2d Cir. 2005). Under the doctrine, "a plaintiff may not institute an action in federal district court that either: (1) directly challenges the holding or decision of a state court, or (2) indirectly challenges the holding or decision of a state court by raising issues in federal court that are 'inextricably intertwined' with the state court's decision." *Smith v. Wayne Weinberger, P.C.*, 994 F.Supp. 418, 423 (E.D.N.Y. 1998). A "federal claim is inextricably intertwined with the state-court judgement if the federal claims succeed only to the extent that the state court wrongly decided the issues before it." *Hoblock*, 422 F.3d at 86. *See also Pennzoil Co. v. Texaco*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) ("[It is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal"). This is true even when a party to the federal court action was not a party in the state court action. See *Gifford v. United Northern Mortg. Bankers, Ltd.*, No. 18CIV6324PAEHBP, 2019 WL 2912489, at *5 (S.D.N.Y. 2019). Courts have applied *Rooker-Feldman* in the foreclosure context. *See In re Wilson*, 410 F. App'x 409, 410 (2d Cir. 2011) ("[T]he foreclosure judgment in favor of DBNTC indicates that Wilson lost in state

6

court."); *In re Moise*, 575 B.R. 191, 201-202 (Bankr. E.D.N.Y. 2017). "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine.").

Here, all four conditions set forth in *Hoblock* are clearly satisfied. 422 F.3d at 86. The court in *Francis v. Nichols* decided a similar action where a plaintiff sued the mortgage lender after the State Court found for the lender in a foreclosure action, No. 16-CV-1848 (CS), 2017 WL 1064719, at *4 (S.D.N.Y. Mar. 21, 2017). Here, Plaintiff also:

> lost in the Foreclosure Action when the state court granted summary judgment [against Plaintiffs in this action] and entered a judgment of foreclosure and sale, and further when the state court [twice] denied his motion to vacate that foreclosure judgment. And the state court judgment was entered . . . several months before Plaintiff filed[ this action].

*Id.*

First, Plaintiff Alfonso Amelio was a named defendant in the Foreclosure Action, and Plaintiff Carmine Amelio joined in two motions to vacate the Judgment of Foreclosure and Sale. Plaintiffs have lost in state court, where they asserted the same claims, such as fraud and a challenge to standing to foreclose, as they do in this action. The State Court twice denied Plaintiffs' motions to vacate its judgment. Plaintiffs' claims in this action are "inextricably intertwined" because they seek to relitigate arguments conclusively decided in the State Court Action.

Second, Plaintiffs challenge the mortgage loan and contend that Defendants illegally obtained a Final Judgment of Foreclosure. Plaintiffs contend that Defendants "illegally [procured] an Order of Final Judgment on January 8, 2018 by tampering with and fabricating evidence." TAC at 41-42. Plaintiffs then seek to reverse injuries stemming from the foreclosure. Plaintiffs' claims against Defendants are "entirely dependent on the loan in question being

7

invalid," *Done v. Option One Mortg.*, 2011 WL 1260820 at *6 (E.D.N.Y. Mar. 30, 2011). If the Court were to find for Plaintiff on any claim, it necessitates "effectively declar[ing] the state court judgment fraudulently procured and thus void" the judgment, which is "precisely the result that the *Rooker-Feldman* doctrine seeks to avoid." *Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002). "Although the [TAC] speaks in terms of fraud and deception, Plaintiff has alleged only injuries either directly caused by the adverse judgment in the Foreclosure Action, or injuries the remedy for which would require this Court to revisit and reject the state court's determination that [lender] had standing to pursue foreclosure." *Francis*, 2017 WL 1064719, at *4-5.

Third, Plaintiffs seek for the Court to void the mortgage loan: Plaintiffs seek a judgment "declaring the mortgage loan and electronic note in dispute, void ab initio" and "declaring Plaintiffs the lawful owner of the subject property." TAC at 64. This necessarily requires the court to reject the state court's determination. *Francis*, 2017 WL 1064719, at *4-5.

Fourth, a Final Judgment of Foreclosure and Sale was entered prior to Plaintiffs bringing this federal action. Plaintiffs then seek to appeal the state court judgment. Plaintiffs seek "the reversal or modification of [the foreclosure action,] a state court judgment." *Kropelnicki*, 290 F.3d at 128 (citations omitted). The State Court has already ruled against Borrower and Non-Borrower, and denied the Non-Borrower's motion to intervene. As this is the case here, the case is dismissed because the Court lacks subject matter jurisdiction over the dispute.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court need not reach Defendants' other arguments and grounds for dismissal. Defendants' motions to

dismiss is **GRANTED**. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 133, 138, 142, 146, 148, 152 and close this case.

**SO ORDERED.**

**Dated: September 29, 2023**
      **New York, New York**

                                      **ANDREW L. CARTER, JR.**
                                      **United States District Judge**