UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFONSO AMELIO and CARMINE AMELIO,<br><br>         Plaintiff,<br><br>-against-<br><br>MCCABE, WEISBERG & CONWAY, P.C; FEIN, SUCH & CRANE LLP; SETERUS, INC.; OCWEN LOAN SERVING, LLC; ONEWEST BANK, N.A.; QUICKEN LOANS, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; CONCRETE PROPERTIES, LLC; AND SANDELANDS EYET LLP.,<br><br>         Defendant. | 19-cv-8761 (ALC)<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

  Plaintiffs Alfonso Amelio and Carmine Amelio, proceeding *pro se*, submitted a motion for reconsideration of the Court's September 29, 2023 Order granting the Defendants' motion to dismiss (ECF No. 190). For the reasons set forth below, this motion is **DENIED**.

## BACKGROUND

  The Court assumes the Parties' familiarity with the facts, which are set forth more fully in the Third Amended Complaint. On August 9, 2006, Plaintiffs executed a Note in favor of Mortgage Electronic Registration Systems, Inc. as a nominee for Quicken Loans, LLC in the principal amount of $84,000 and executed a mortgage for a property located at 68 Crotty Road, Middletown, New York 10941. In October 2009, Plaintiffs defaulted on the mortgage. On December 18, 2009, OneWest Bank commenced a foreclosure action on the property in state court. A supplemental Summons and Amended Complaint was filed on December 23, 2009. On January 17, 2012, Alfonso Amelio served a verified answer to the Foreclosure Complaint. On

December 13, 2017, the state court granted a Judgment of Foreclosure and sale in the foreclosure action. The Judgment of Foreclosure was executed on December 13, 2017 and duly entered on January 8, 2018.

## PROCEDURAL HISTORY

On September 20, 2019, Plaintiffs filed the Complaint in the United States District Court for the Southern District of New York. A first Amended Complaint was filed on September 27, 2019. A second Amended Complaint was filed on October 5, 2020. Pursuant to the pre-motion conference held on March 30, 2022, Plaintiffs filed their proposed Third Amended Complaint on May 16, 2022. On September 28, 2022, this Court granted Plaintiffs' leave to file the Third Amended Complaint. In the Third Amended Complaint, Plaintiffs allege that they were led to believe that they were entering into a traditional original purchase mortgage loan and were not aware that Quicken Loans was not the depository financial institution capable of originating mortgage loans. Plaintiffs further allege that they never gave their consent nor electronically signed the Note that would become part of the mortgage loan and claim that the mortgage loan was therefore fraudulent.

On October 19, 2022, Defendants filed a motion to dismiss the Third Amended Complaint. On February 20, 2023, Plaintiffs filed an opposition to Defendants' motion to dismiss. On March 2, 2023, Defendants served a reply and in further support of its motion to dismiss the Third Amended Complaint. On September 29, 2023, this Court granted Defendants' motion to dismiss, pursuant to FRCP Rule 12(b)(1), for lack of subject matter jurisdiction due to the *Rooker-Feldman* doctrine. On October 30, 2023, Plaintiffs filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 59(e). On November 13, 2023,

Defendants filed an opposition to Plaintiffs' motion for reconsideration. On December 8, 2023, Plaintiffs filed an omnibus reply regarding their motion for reconsideration.

## STANDARD OF REVIEW

To succeed on a motion for reconsideration under Rule 59(e), the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (quotation marks omitted). A Rule 59(e) motion is not intended as a vehicle for a party dissatisfied with the Court's prior ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues that have already been decided. See *Griffin Ind., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999). Indeed, the standard for granting a Rule 59(e) motion "is strict, and reconsideration will generally be denied." *Ursa Minor Ltd. v. Aon Financial Products, Inc.,* 2000 WL 1279783 at *1 (S.D.N.Y. Sept.8, 2000) (citation omitted); *see also Range Road Music, Inc. v. Music Sales Corp.,* 90 F.Supp.2d 390, 391–92 (S.D.N.Y.2000).

Under Local Rule 6.3, the moving party must demonstrate controlling law or factual matters put before the Court on the underlying motion that the movant believes the Court overlooked and that might reasonably be expected to alter the court's decision. See *Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73, 2002 WL 109483, *1 (2d Cir. Jan.25, 2002); *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, *1 (S.D.N.Y. May 31, 2001) (citing *AT & T Corp. v. Comty. Network Servs., Inc.*, No. 00 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug.18, 2000) and Local Rule 6.3). Failure to "demonstrate that the Court overlooked controlling law or factual matters that had been previously put before it" is a clear

denial of a motion for reconsideration. *Abdullah-Sadiq v. Behringer*, No. 17-CV-0270 (TPG), 2017 WL 5508477, at *1 (S.D.N.Y. Mar. 17, 2017). For pro se litigants, "[t]he Court must also liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). This Court has construed the pro se litigants' arguments with these considerations in mind.

## DISCUSSION

Plaintiffs have not shown sufficient material facts or law that would warrant granting the motion for reconsideration of the Court's September 29, 2023 Order. Plaintiffs are re-arguing that their claims should not have been dismissed based on the *Rooker-Feldman* doctrine. Plaintiffs seek to relitigate their arguments that the doctrines of *Rooker-Feldman*, res judicata, and collateral estoppel do not apply. The Court weighed those arguments according to the appropriate standard of review and based on the same facts that are repeated in this motion.

Therefore, Plaintiffs' motion for reconsideration is denied.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 227.

**SO ORDERED.**

**Dated: May 9, 2024**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**